UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

WAYNE J. ERBES,

                            Plaintiff,

v.                                                          CASE # 19-cv-00292

COMMISSIONER OF SOCIAL SECURITY,

                            Defendant.
_____

APPEARANCES:                                    OF COUNSEL:

LAW OFFICES OF KENNETH HILLER, PPLC       JEANNE ELIZABETH
  Counsel for Plaintiff                               MURRAY, ESQ.
6000 North Bailey Ave                               KENNETH R. HILLER, ESQ.
Suite 1A
Amherst, NY 14226

U.S. SOCIAL SECURITY ADMIN.                   PETER WILLIAM JEWETT, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II
  Counsel for Defendant
26 Federal Plaza – Room 3904
New York, NY 10278

J. Gregory Wehrman, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

The parties consented in accordance with a standing order to proceed before the undersigned. The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Upon review of the administrative record and consideration of the parties' filings, the plaintiff's motion for judgment on the administrative record is **GRANTED**, defendant's motion is **DENIED,** the decision of the Commissioner is

**REVERSED**, and this matter is **REMANDED** for further administrative proceedings consistent with this order.

## I.     RELEVANT BACKGROUND

### A.     Factual Background

Plaintiff was born on September 18, 1969 and has a high school education. (Tr. 19, 77, 36-37). Generally, plaintiff's alleged disability consists of a back injury, neck injury, and diabetes. (Tr. 186). His alleged onset date of disability is April 6, 2015. (Tr. 183). His date last insured is December 31, 2020. (Tr. 12).

### B.     Procedural History

On January 19, 2016, plaintiff applied for a period of Disability Insurance Benefits (SSD) under Title II of the Social Security Act. (Tr. 156). Plaintiff's application was initially denied, after which he timely requested a hearing before an Administrative Law Judge (ALJ). On February 27, 2018, plaintiff appeared before the ALJ, Eric Eklund. (Tr. 32-75). On March 13, 2018, ALJ Eklund issued a written decision finding plaintiff not disabled under the Social Security Act. (Tr. 7-21). On January 7, 2019, the Appeals Council (AC) denied plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (Tr. 1-6). Thereafter, plaintiff timely sought judicial review in this Court.

### C.     The ALJ's Decision

Generally, in his decision, the ALJ made the following findings of fact and conclusions of law:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2020.

2. The claimant has not engaged in substantial gainful activity since April 6, 2015, the alleged onset date (20 CFR 404.1571 *et seq.*).

3. The claimant has the following severe impairments: cervical degenerative disc disease; C3-4 small disc herniation; C4-5 small disc herniation with annular tear; C5-6 annular fissure and small to moderate right herniation; C6-7 annular fissure and moderate disc extrusion; T4-5 herniation; T5-6 broad based protrusion; T6-7 herniation impinging on and flattening left ventral spinal cord; T7-8 protrusion impinging right ventral spinal cord; small meniscal tear, left knee; minimal osteoarthritis, right knee; left hip osteoarthritis; type 2 diabetes mellitus with neuropathy; obesity; status-post DVTs and pulmonary embolism; chronic kidney disease ("CKD"), stage 2 and asthma (20 CFR 404.1520(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5. After careful consideration of the entire record, the undersigned finds the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except he can never climb ladders, ropes and scaffolds. The individual can never crawl, but can occasionally stoop. The individual can crouch 10% of every hour. He can never kneel and occasionally climb ramps and stairs. The individual can frequently rotate, flex and extend the neck. The individual can occasionally operate foot controls. He can never reach overhead, but can frequently handle, finger and feel bilaterally. No exposure to extreme cold, extreme heat or concentrated wetness and concentrated humidity. The individual can have no exposure to excessive vibration and no concentrated fumes, odors, dust, gases, poorly ventilated areas and concentrated chemicals.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565).

7. The claimant was born on September 18, 1969 and was 45 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from April 6, 2015, through the date of this decision (20 CFR 404.1520(g)).

(Tr. 7-21).

## II.     THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.     Plaintiff's Arguments

Plaintiff argues the ALJ failed to properly evaluate the medical opinion evidence of record and based his RFC on his own lay interpretation of bare medical findings, resulting in an RFC not supported by substantial evidence. (Dkt. No. 13 at 19). Specifically, plaintiff alleges the ALJ did not properly evaluate the opinion of treating source Dr. Fasanello or the functional capacity evaluation opinion from physical therapist Mr. Howard. (Dkt. No. 13 at 22, 24). He also argues the ALJ failed to assign weight to two other opinions, specifically treating spine specialist Dr. Huckell and worker's compensation medical examiner Dr. Karpman, which were inconsistent with the RFC finding. (Dkt. No. 13 at 24). Lastly, he argues the ALJ erred by not addressing or weighing the opinion from medical consultant Dr. Bijpuria. (Dkt. No. 13 at 27).

### B.     Defendant's Arguments

In response, defendant generally argues the ALJ's RFC finding is supported by substantial evidence and should be affirmed. Specifically, defendant argues the ALJ properly evaluated the opinion of Dr. Fasanello. (Dkt. No. 14 at 5). Defendant also argues all opinions were taken into consideration in formulating the RFC. (Dkt. No. 14 at 5-10).

## III.    RELEVANT LEGAL STANDARD

### A.     Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial

evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

**B.      Standard to Determine Disability**

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. § 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987).  The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

**IV.    ANALYSIS**

**Opinion Evidence**

**1. Treating Source Opinion**

Plaintiff argues the ALJ failed to properly evaluate the treating source statement from Dr. Fasanello. (Dkt. No. 13 at 19). A treating physician's opinion is given controlling weight only if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." *Poupore v. Astrue*, 566 F.3d at 307 (citing 20 C.F.R. § 404.1527(d)(2)). The ALJ must provide good reasons for the weight given to the opinions from treating physicians. 20 C.F.R. § 404.1527(c)(2); *see Sanders v. Comm'r of Soc. Sec.*, 506 F. App'x 74, 77 (2d Cir. 2012) (summary order).

On January 18, 2018, Dr. Fasanello, the treating primary care provider throughout the relevant period, offered a treating source opinion regarding plaintiff's physical impairments and resulting limitations. (Tr. 769-775). Dr. Fasanello opined:

> Plaintiff could sit for less than 15 minutes at a time, he would then need to walk about for less than 15 minutes before returning to sitting, he could sit for a total of 3 hours in an 8 hour day, he could stand and walk for 30 minutes at a time, he then needed to sit for less than 15 minutes before returning to standing or walking, he could stand and walk for a total of 3 hours in an 8 hour day, he would need to rest by lying down or reclining in addition to regular breaks in order to relieve pain, he would need to rest for a total of 2 hours during an 8 hour day, he could lift and carry 1-10 pounds occasionally and rarely/never lift more, he could balance for 30 minutes, rarely/never stoop, he had restrictions on reaching, handling, fingering, feeling, pushing, and pulling, he had restrictions on heights and moving machinery, and these restrictions had persisted since 2014. (Tr. 770-775).

The ALJ declined to give Dr. Fasanello's opinion controlling weight because it was conclusory in nature and not supported by the relatively normal objective findings shown throughout the record. The ALJ also cited the checklist-style format and stated it appeared to have been completed as an accommodation to the claimant. (Tr. 18). No specific weight is identified by the ALJ.

While 20 C.F.R. § 404.1527 provides a number of factors that an ALJ considers when evaluating medical opinions, an ALJ does not have to explicitly walk through each of these factors, so long as the Court can conclude that he applied the substance of the regulations and appropriately set forth the rationale for the weight given to the opinions. *Hall v. Colvin*, 37 F. Supp. 3d 614, 625 (W.D.N.Y. 2014). In this case, it is not clear that the ALJ appropriately considered the treating source opinion as required by the regulations.

The ALJ improperly dismisses the opinion as conclusory and not supported by "relatively normal objective findings" in the record. (Tr. 18). The opinion was five pages long and was broken down into specific functional areas which were neither broad nor based upon conclusory language. The ALJ found plaintiff had 17 severe impairments, many of which related to the spine and were diagnosed by objective diagnostic imaging such as MRIs and xrays. (Tr. 12-13). Dr. Fasanello's

limitations were consistent with significant findings pertaining to plaintiff's cervical and thoracic spine, left hip, bilateral knees, and bilateral neuropathy. (Tr. 769-775, 641, 543-547, 639-640, 638, 292-294, 282-289, 499-502, 494-498, 295-297, 649-685, 710-719, 741-753). In his decision the ALJ focuses on various neutral or benign findings made by medical providers during particular visits or appointments. There is no question that one can examine a complicated medical record such as this one and pick out certain days or certain findings which reflect progress or a reduction in symptomology. But cherry-picking evidence to support a disability determination is error and not a fair assessment of the record. *See Phelps v. Colvin*, No. 12-CV-976S, 2014 WL 122189, at*4 (W.D.N.Y. Jan. 13, 2014) ("The selective adoption of only the least supportive portions of a medical source's statements is not permissible.") (internal quotations and brackets omitted); *Caternolo v. Astrue*, No. 6:ll-CV-660l(MAT), 2013 WL 1819264, at *9 (W.D.N.Y. Apr. 29, 2013) ("[i]t is a fundamental tenet of Social Security law that an ALJ cannot pick and choose only parts of a medical opinion that support his determination.")(internal quotations omitted) (collecting cases).

Contrary to the ALJ's conclusions, the check-list form included added narrative which supported the assessed limitations. (Tr. 773-774). It is well-established in this District that rejecting an opinion on the basis of a form is not a good reason for according it less than controlling weight. *See Garcia Medina v. Comm'r of Soc. Sec.,* 2019 WL 1230081 *4 (W.D.N.Y. Mar. 15, 2019)*; Czerniak v. Berryhill*, 2018 WL 3383410, *1, *2 (W.D.N.Y. July 11, 2018). The ALJ's statement that the form was completed as an accommodation to the claimant is speculative and unsupported. Regardless, completing medical forms for legal proceedings would be an expected occurrence between a treating provider and patient. Diminishing the weight of the opinion for this reason is further error.

### 2.  Missing Opinion (Dr. Bijpuria)

Plaintiff asserts it was also error for the ALJ to exclude identification or discussion of the opinion of a medical consultant. (Dkt. No. 13 at 27). At the request of the Agency, on January 19, 2018, M. Bijpuria, M.D. (orthopedic) reviewed plaintiff's file and offered an opinion based on this review. (Tr. 727-739). Dr. Bijpuria opined that plaintiff's statements about intensity, persistence, and limiting effects of symptoms were partially consistent with other statements and objective medical and other evidence in the record, and plaintiff did have functional limitations but not to the degree alleged. (Tr. 730). Dr. Bijpuria concluded that plaintiff could occasionally lift and carry 20 pounds, frequently lift and carry 10 pounds, stand and/or walk at least 2 hours in an 8 hour day, sit less than 6 hours in an 8 hour day, push and pull unlimited, never climb ladders, ropes, and scaffolds, occasionally climb ramps and stairs, balance, stoop, kneel, and crouch, he had no manipulative limitations, no visual limitations, no communicative limitations, and he should avoid concentrated exposure to hazards. (Tr. 733-736).

Although not entitled to the extra weight of a treating physician, ALJ Eklund did not address Dr. Bijpuria's opinion in the decision at all. The Regulations "recognize that the Commissioner's consultants are highly trained physicians with expertise in evaluation of medical issues in disability claims whose 'opinions may constitute substantial evidence in support of residual functional capacity findings.'" *Lewis v. Colvin*, 122 F. Supp. 3d 1, at 7 (N.D.N.Y. 2015) (citing *Delgrosso v. Colvin,* 2015 WL 3915944, at *4 (N.D.N.Y. June 25, 2015); *see also Heagney-O'Hara v. Comm'r of Soc. Sec.,* 646 F. App'x 123, 126 (2d Cir. 2016); *Monette v. Colvin,* 654 F. App'x 516 (2d Cir. 2016); *Snyder v. Colvin,* 667 F. App'x 319 (2d Cir. 2016).

Defendant does not address this argument, but it is well settled that omission of opinion evidence is harmless if it would not have changed the ALJ's decision. *Walzer v. Chater,* 1995 WL

791963, at *9 (S.D.N.Y. 1995) (finding that an ALJ's failure to discuss a treating physician's report was harmless error where consideration of report would not have changed outcome). Dr. Bijpuria's opinion is not more restrictive than the ALJ's RFC, but it differs in many respects. Due to the other errors and inconsistencies with the opinion evidence, it is impossible to glean the ALJ's rationale finding greater limitations than the medical consultant. *Mongeur v. Heckler*, 722 F.2d 1033, 1040 (2d Cir. 1983) (Court may glean the ALJ' s rationale based on a reading of the decision as a whole, together with the evidence of record). As noted, the medical consultant specialty is noted to be orthopedic, and as a orthopedic specialist Dr. Bijpuria indicated his opinion was based on the total medical and non-medical evidence of record. (Tr. 731).

An ALJ must conduct a distinct analysis that would permit adequate review on appeal. *Aung Winn v. Colvin*, 541 Fed. Appx. 67, 70 (2d Cir. 2013). When an ALJ does not connect the record evidence and RFC findings or otherwise explain how the record evidence supported his RFC findings, the decision leaves the court with many unanswered questions and does not afford an adequate basis for meaningful judicial review. *Gorny v. Comm'r of Soc. Sec.*, 2018 WL 5489573, at *4 (W.D.N.Y. Oct. 29, 2018). In this case, the opinion evidence was not sufficiently identified and not properly weighed.

Plaintiff has identified additional reasons why he contends the ALJ's decision was not supported by substantial evidence, including improperly discounting an additional functional capacity evaluation by treating physical therapist Mr. Howard and failing to assign weight to two other opinions. However, because the Court has already determined, for the reasons previously discussed, that remand of this matter for further administrative proceedings is necessary the Court declines to reach these issues. See, e.g., *Bell v. Colvin*, No. 5:15-CV-01160 (LEK), 2016 U.S. Dist. LEXIS 165592, at *32 (N.D.N.Y. Dec. 1, 2016) (declining to reach arguments "devoted to the

question whether substantial evidence supports various determinations made by [the] ALJ" where the court had already determined remand was warranted).

**ACCORDINGLY, it is**

      **ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 13) is **<u>GRANTED</u>**; and it is further

      **ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 14) is **<u>DENIED</u>**; and it is further

      **ORDERED** that this matter is **REMANDED** pursuant to 42 U.S.C. § 405(g), for further proceedings consistent with this Decision and Order.

Dated: September 3, 2020
Rochester, New York

                                    _J. Gregory Wehrman_
                                      HON. J. Gregory Wehrman
                                      United States Magistrate Judge